**CROWN ZELLERBACH CORPORATION, Plaintiff-Appellee,**

v.

**WILLAMETTE–WESTERN CORPORATION, a corporation, dba Willamette Tug & Barge Company, Defendant-Appellant,**

**and**

**Richard J. Olsen, Defendant-Appellant.**

**Nos. 73–3364, 73–3443.**

United States Court of Appeals, Ninth Circuit.

July 2, 1975.

John Spencer Stewart, Paul N. Daigle (argued), Portland, Or., for defendant-appellant.

Garr M. King (argued), Portland, Or., for plaintiff-appellee.

## OPINION

Before MERRILL, ELY and KENNEDY, Circuit Judges.

ELY, Circuit Judge:

On June 18, 1968, a derrick barge, owned by Willamette-Western and towed by Olsen's tug, was preparing to conduct dredging operations in a side channel of the Columbia River in Oregon. As the tug and barge moved away from the side of the channel toward midstream, a raised boom on the barge struck and severed a power line that was suspended across the channel and connected with Crown Zellerbach's paper mill. Crown Zellerbach's manufacturing operations were idled for approximately 30 minutes.

Crown Zellerbach sued in admiralty, seeking damages from Willamette-Western and Olsen. After a trial, the District Court ruled that Crown Zellerbach was 20 percent at fault for the collision between its power line and the boom, since at the point of the collision, the line had sagged to a level lower than the

minimum height required by the Corps of Engineers permit that authorized Crown Zellerbach to hang the line. The court found Olsen and Willamette each to be 40 percent at fault for the collision and awarded judgment against Willamette-Western and Olsen for a total of $18,521.31, a sum equal to 80 percent of Crown Zellerbach's provable loss.[1]

Appellants first contend that the trial judge erroneously refused to apply the rule of *The Pennsylvania,* 86 U.S. (19 Wall.) 125, 22 L.Ed. 148 (1873), to the facts of the case. They argue that Crown Zellerbach's failure to maintain its power lines at the required minimum height was the type of "statutory violation" that should have subjected the paper manufacturer to the Pennsylvania Rule's extraordinary burden of proof. Appellants suggest that had the court applied the Pennsylvania Rule, Crown Zellerbach could not have recovered.

■■■ Appellants' argument, however, misconstrues the Pennsylvania Rule. When one party has committed a statutory violation that is claimed to have caused a collision, the Rule requires the alleged violator to show, if he is to be freed from fault, that the violation could not have been a cause of the collision.[2] *See, e. g., United States v. Reliable Transfer Co., Inc.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975); *The Penn-*

*sylvania, supra* at 136; *States S. S. Co. v. Permanente S. S. Corp.,* 231 F.2d 82, 86–87 (9th Cir. 1956).[3] The Rule concerns only the question whether the alleged statutory violation was one of the collision's causes. The Rule does not exonerate other parties whose negligence may also have been a cause.[4]

■■■ It is not clear in the instant case whether the District Court applied the Pennsylvania Rule or a lesser standard of proof in determining that Crown Zellerbach's failure to maintain its line at the proper height was one of the causes of the collision. Nevertheless, since the court did find Crown Zellerbach's negligence to have been a cause, the appellants have not been injured by error, if any was committed in respect to the alleged nonapplication of the Pennsylvania Rule.

■■■ The appellants' real dispute is with the District Court's failure to apply the traditional rule of divided damages. The court found that the negligence of the three parties to this appeal combined to cause the collision between the power line and the boom. Under the rule of divided damages, which was in effect on the dates of the collision and the District Court's judgment, each party would have been required to bear an equal share of the total damages. *See, e. g., The North Star,* 106 U.S. (16 Otto) 17, 1 S.Ct. 41, 27

1. Appellant Willamette-Western filed appeal No. 73–3364 and appellant Olsen filed No. 73–3443. Each appeal pertains both to the judgment rendered in favor of Crown Zellerbach and each appellant's cross-appeal against the other. We hereby order the appeals consolidated for consideration by our court.

2. The Pennsylvania Rule has been applied in cases involving collisions between vessels and stationary objects. *See Complaint of Wasson,* 495 F.2d 571, 580 (7th Cir.), *cert. denied,* 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974).

3. We need not consider, on this appeal, whether the Pennsylvania Rule has survived the Supreme Court's abrogation of the rule of divided damages in *Reliable Transfer.* The Court expressly criticized only the result that often is reached when the Pennsylvania Rule is applied in conjunction with the rule of divided damages. 421 U.S. at 405, 95 S.Ct. 1708. Never-

theless, the Pennsylvania Rule is also grounded, to some extent, in the rule of divided damages. *See Ishizaki Kisen Co., Ltd. v. United States,* 510 F.2d 875, 879–80 (9th Cir. 1975).

4. Appellants rely on *Wilmington Transportation Co. v. Standard Oil Co.,* 53 F.2d 787 (9th Cir. 1931) for the proposition that Crown Zellerbach's failure to discharge the heavy burden of proof imposed by the Pennsylvania Rule would require it to bear its total loss. In *Wilmington Transportation,* however, the parties stipulated that if the owner of a drawbridge, with which a vessel collided, had been negligent in constructing the drawbridge, that negligence would be the *sole* proximate cause of the collision. 53 F.2d at 791. In the instant case, the court found that negligent acts by each of the three parties to this appeal had contributed to causing the collision.

L.Ed. 91 (1882); *Reliable Transfer Co., Inc. v. United States,* 497 F.2d 1036 (2d Cir. 1974), *rev'd,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975); G. Gilmore & C. Black, The Law of Admiralty 492–93 (2d ed. 1975).

Since the date of the District Court's judgment, however, the Supreme Court has abrogated the rule of divided damages and replaced it with a rule of damages based on comparative fault. *United States. v. Reliable Transfer Co., Inc.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975). Here, by apportioning the damages according to fault, the District Court correctly anticipated the Supreme Court's decision in *Reliable Transfer.*

█ Appellants next contend that the District Court erred in allowing Crown Zellerbach to recover for damages that the court described as loss of " . . . the productive capacity of the mill for the period in question, less . . . the usual production expenses . . ." Such damages are recoverable. *See Continental Oil Corp. v. SS Electra,* 431 F.2d 391 (5th Cir. 1970), *cert. denied,* 401 U.S. 937, 91 S.Ct. 925, 28 L.Ed.2d 216 (1971); *Stanley v. Onetta Boat Works, Inc.,* 303 F.Supp. 99, 105–06 (D.Or.1969) (Kilkenny, J.). The court did not commit clear error in finding that Crown Zellerbach had established the value of its lost capacity by adequate proof.

█ Finally, each appellant asserts that the other was fully responsible for the appellants' combined share of Crown Zellerbach's loss. The district judge found, on the facts of this particular case, that both Olsen, on the tug, and Willamette-Western's employees, on the barge, had a duty, which they negligently breached, to maintain a lookout for overhead obstructions. After reviewing the record, we cannot say that the district judge was clearly wrong.

The judgment of the District Court is Affirmed.